MATTER OF LAUREANO

In Visa Petition Proceedings

A–22635166

*Decided by Board December 12, 1983*

(1) A marriage entered into for the primary purpose of circumventing the immigration laws, commonly referred to as a fraudulent or sham marriage, is not recognized for the purpose of obtaining immigration benefits.

(2) In determining whether a marriage is fraudulent for immigration purposes, the conduct of the parties after the marriage is relevant as to their intent at the time of marriage; evidence to establish intent may take many forms, including, but not limited to, proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts, and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences.

(3) Where a visa petition has once been withdrawn based on an admission by a party that the marriage was solely entered into to bestow an immigration benefit, any subsequently filed visa petition involving the same petitioner and beneficiary must include at the time of filing: (1) an explanation of the prior withdrawal and (2) evidence supporting the bona fides of the parties' relationship.

(4) The petitioner bears a heavy burden to establish the bona fides of the marital relationship in the case of a prior visa petition withdrawal and an admission of a fraudulent marriage, and, absent the submission of the previously related materials at the time of filing, a district director can reasonably deny the petitioner based on the admission made in conjunction with the prior withdrawal.

ON BEHALF OF PETITIONER: Jose T. Silva Cuetara, Esquire
GPO Box 18
San Juan, Puerto Rico 00936

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as his wife under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b) (1982). In a decision dated June 7, 1982, the acting district director denied the visa petition on the ground that the petitioner and beneficiary had failed to show the existence of a bona fide marital relationship, and that the beneficiary was therefore entitled to no status based upon

1

the petition. The petitioner has appealed. The appeal will be dismissed.

The beneficiary is a 45-year-old native and citizen of the Dominican Republic. She last arrived in the United States on October 11, 1980. A marriage certificate in the record indicates that she married the petitioner, who is 60 years old, in Puerto Rico on June 21, 1981. The petitioner filed a visa petition on behalf of the beneficiary on December 17, 1981.

On December 17, 1981, the petitioner and beneficiary were interviewed by the Immigration and Naturalization Service with respect to the visa. Thereafter, the petitioner withdrew the visa petition, stating that he married the beneficiary to do her a favor so that she would be able to obtain her residence and remain in Puerto Rico.[1] On April 14, 1982, the petitioner filed his second visa petition request on behalf of the beneficiary.

Based upon petitioner's sworn statement of December 17, 1981, the acting district director concluded that the petitioner's marriage was entered into for the purpose of circumventing the immigration laws and, therefore, denied the visa petition.

On appeal, the petitioner contends through counsel's written brief dated August 12, 1982, that (1) petitioner was not represented by counsel and was forced to withdraw the first visa petition under duress by the Service; (2) the Service did not afford petitioner an opportunity to submit additional evidence in support of his second visa petition application; (3) the acting district director's contention that petitioner's statement upon withdrawal "contains an irreversible admission of fraud, impossible to be overcome by additional evidence" is contrary to law, regulations, and administrative procedure; and (4) petitioner has additional evidence to be added to the record attesting to the bona fides of his marriage.

A marriage that is entered into for the primary purpose of circumventing the immigration laws, referred to as a fraudulent or sham marriage, has not been recognized as enabling an alien spouse to obtain immigration benefits. *Matter of McKee,* 17 I&N Dec. 332 (BIA 1980); *see also Lutwak v. United States,* 344 U.S. 604 (1953); *McLat v. Longo,* 412 F. Supp. 1021 (D.V.I. 1976); *Matter of M-,* 8 I&N Dec. 217 (BIA 1958). *See generally Johl v. United States,* 370 F.2d 174 (9th Cir. 1966). The central question is whether the

---

[1] The withdrawal statement by the petitioner which is located in the record is in Spanish and has not been translated into English as required by the regulations. 8 C.F.R. § 103.2(b) (1983). The acting district director, however, stated the basis for petitioner's withdrawal in his decision. Petitioner's counsel on appeal does not challenge the acting district director's characterization of what the petitioner stated but only argues that the withdrawal was coerced.

bride and groom intended to establish a life together at the time they were married. *Bark* v. *INS*, 511 F.2d 1200 (9th Cir. 1975); *Matter of McKee, supra.*

The conduct of the parties after marriage is relevant to their intent at the time of marriage. *Lutwak* v. *United States, supra; Bark* v. *INS, supra.* Evidence to establish intent could take many forms, including, but not limited to, proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts, and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences. *Matter of Phillis,* 15 I&N Dec. 385 (BIA 1975).

In visa petition proceedings, the petitioner has the burden of establishing eligibility for the benefits sought. *Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). Further, where there is reason to doubt the validity of the marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading the immigration laws. *Matter of Phillis, supra.*

In this case, the petitioner has submitted a certificate of marriage to the beneficiary. However, in view of the petitioner's statement in December 1981 when he withdrew his first visa petition application on behalf of the beneficiary, the acting district director found that the petitioner had failed to establish the bona fides of his marital relationship with the beneficiary. Where a visa petition has once been withdrawn based on an admission by a party that the marriage was solely entered into to bestow an immigration benefit, any subsequently filed visa petition involving the same petitioner and beneficiary must include at the time of filing (1) an explanation of the prior withdrawal and (2) evidence supporting the bona fides of the parties' relationship. Absent such materials at the time of filing, a district director can reasonably deny the petition based on the admission made in conjunction with the prior withdrawal. In the present case, although the petitioner contends that the Service did not allow him the opportunity to submit additional evidence which he contends he has accumulated attesting to the bona fides of his marriage with the beneficiary, we find that the pertinent evidence submitted on appeal does not overcome the inference of fraud or demonstrate the bona fides of this marriage.[2] We agree with the petitioner that a prior admission made in con-

---

[2] Statements by counsel are not evidence. *Matter of Ramirez-Sanchez,* 17 I&N Dec. 503, 506 (BIA 1980). Further, the beneficiary's deportation problems are not a part of these visa petition proceedings.

junction with the withdrawal of a first visa petition can be overcome by new evidence. However, the petitioner bears a heavy burden to establish the bona fides of the relationship. This he has not done. Finally, we find no evidence of duress imposed by the Service upon the petitioner in withdrawing the first visa petition.

In view of the foregoing, we conclude the petitioner has failed to establish that his marriage to the beneficiary is valid for immigration purposes. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.