**Luis JIMENEZ–BEDOYA, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 02–4438.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 3, 2003.

Decided Oct. 9, 2003.

Raymond P. D'Uva, Law Offices of Raymond P. D'Uva, Newark, NJ, for Petitioner.

Douglas E. Ginsburg, Terri J. Scadron, Lyle D. Jentzer, Hillel R. Smith, United States Department of Justice, Washington, DC, for Respondent.

Before: RENDELL, WEIS and GARTH, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Luis Jimenez–Bedoya ("Petitioner"), a native and citizen of Colombia, challenges a final order of removal issued by the Board of Immigration Appeals ("BIA") on November 15, 2002. Our jurisdiction to entertain the petition arises under § 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252 (2002). We will deny the petition for review.

We will recite only those facts relevant to the issues before us, as we write exclusively for the parties. Petitioner was admitted into the United States as a lawful permanent resident on a conditional basis on September 13, 1994, based on an approved visa petition filed by his former wife, Yvette Marquez. *See* 8 U.S.C. § 1186a(a)(1). When Petitioner later sought permanent resident status on the grounds that he had entered into his marriage to Ms. Marquez in good faith, the Immigration and Naturalization Service ("INS") denied Petitioner's application. The INS commenced removal proceedings on March 25, 1999. Petitioner denied removability and requested *de novo* review of his application for waiver.

In a series of hearings, an Immigration Judge ("IJ") heard testimony from Petitioner, his second wife, Yvette Marquez, his first wife, Nubia Kovacs, his first wife's second husband, Patrick Kovacs, his former brother-in-law, William Chrone, and his daughter, Diana Jimenez. After considering the witnesses' testimony and the documentary evidence presented by Peti-

tioners, the IJ concluded that Petitioner's marriage to Marquez was contrived for purposes of deriving immigration benefits. As a result, the IJ ordered that the waiver be denied and that Petitioner be removed because his status as a lawful permanent resident on a conditional basis had been terminated. Furthermore, the IJ denied voluntary departure. Pursuant to its streamlining regulations, 8 C.F.R. § 3.1(e)(4) (2002) (recodified at 8 C.F.R. § 1003.1(e)(4) (2003)), the BIA summarily affirmed the IJ's decision without issuing an opinion. Petitioner filed this timely appeal.

Petitioner argues that the IJ erred in determining that he had not entered into a bona fide marriage. As the BIA issued a summary affirmance, we will review the decision of the IJ. *See Gao v. Ashcroft,* 299 F.3d 266, 271 (3d Cir.2002) (stating that a court of appeals must review the decision of the IJ where the BIA does not issue its own opinion); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (noting that where the BIA summarily affirms the IJ's decision, it is appropriate to review the IJ's decision directly); *Albathani v. INS,* 318 F.3d 365, 373 (1st Cir.2003) (same). In doing so, we apply the standard found in the Illegal Immigration Reform and Responsibility Act of 1996, Pub.L. No. 104–208, div. C, 110 Stat. 3009 (enacted April, 1997) (IIRIRA or "Reform and Responsibility Act"), which provides: "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Our court has acknowledged that "[t]he Reform and Responsibility Act codifies the language the Supreme Court used in *Elias–Zacarias* to describe the substantial evidence standard in immigration cases." *Sevoian v. Ashcroft,* 290 F.3d 166, 171 (3d Cir.2002) (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Thus, the agency's determination

"can be reversed only if the evidence presented by [Petitioner] was such that a reasonable factfinder would have to conclude" that his marriage to Ms. Marquez was bona fide. *Elias–Zacarias,* 502 U.S. at 481.

The key question is whether Petitioner and Ms. Marquez "intended to establish a life together at the time they were married." *In re Laureano,* 19 I. & N. Dec. 1, 2–3, 1983 WL 29913 (B.I.A.1983). Evidence of post-marriage conduct is relevant to the extent it relates to this issue. *Rodriguez v. INS,* 204 F.3d 25, 27 (1st Cir. 2000). Although some of the evidence offered at the hearing did bolster Petitioner's claim that he had married in good faith, we find that the IJ's determination to the contrary was nonetheless supported by substantial evidence.

The IJ's finding was based upon inconsistencies between Petitioner's testimony and Ms. Marquez's testimony regarding key aspects of their marriage. Specifically, Petitioner and Ms. Marquez offered inconsistent statement regarding the length of time they knew each other before they were married, when Petitioner became aware of the existence of Ms. Marquez's children, and the reasons for their separation. Other factors included the demeanor of Petitioner and Ms. Marquez during the course of the hearing. In addition, Petitioner failed to produce documentation to demonstrate that Petitioner and Ms. Marquez had managed their financial affairs in a manner typical of married couples.

Petitioner argues that the inconsistencies the IJ noted were not inconsistencies *per se* but rather the result of many factors, including forgetfulness due to the passage of time, the witnesses' failure to understand the questions posed to them, differences in the viewpoints of the witnesses, and the IJ's mischaracterization of

the testimony. While we recognize that some of the testimony could have been interpreted in alternative ways, our overriding consideration must be the substantial evidence standard, which prevents us from substituting our view of the facts for that of the agency. *See American Textile Manufacturers Institute, Inc. v. Donovan,* 452 U.S. 490, 523, 101 S.Ct. 2478, 69 L.Ed.2d 185 (1981). With that in mind, we cannot conclude from the record as a whole that any reasonable factfinder would be compelled to find that Petitioner's marriage to Ms. Marquez was bona fide.

Accordingly, we will DENY the petition for review of the BIA's decision.