

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-2006

# Kourouma v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2845

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kourouma v. Atty Gen USA" (2006). *2006 Decisions*. Paper 373.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/373

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  04-2845

MOHAMED LAMINE KOUROUMA,

Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
DEPARTMENT OF JUSTICE; SECRETARY, DEPARTMENT
OF HOMELAND SECURITY,

Respondents

On Petition for Review of a Final Order of the
Board of Immigration Appeals
BIA No. : A79-730-811

Argued January 26, 2006

Before: SMITH, BECKER and NYGAARD, *Circuit Judges*[*]

(Filed: October 3, 2006 )

---

[*]This case was argued before Judges Smith, Becker and Nygaard on January 26, 2006.  Judge Becker died on May 19, 2006, before the filing of the Opinion.  The decision is filed by a quorum of the panel.  28 U.S.C.§ 46(d).

1

Stanley J. Ellenberg
Suite 600
1528 Walnut Street
Philadelphia, PA 19102

William J. Vandenberg [Argued]
Hogan & Vandenberg
11 Bala Avenue
Suite 8
Bala Cynwyd, PA 19004
*Counsel for Petitioner*

Jonathan Potter [Argued]
Thankful T. Vanderstar
U.S. Department of Justice
Office of Immigration Litigation
PO. Box 878
Ben Franklin Station
Washington, D.C. 20044
*Counsel for Respondent*

---

OPINION

---

SMITH, *Circuit Judge*.

Mohamed Kourouma petitions for review of the denial of his motion to reopen his immigration proceedings. We have jurisdiction over the denial of a motion to reopen as it is a final order of removal. 8 U.S.C. § 1252(a); *Sevoian v. Ashcroft*, 290 F.3d 166, 171 (3d Cir. 2002). We will deny the petition.

On June 28, 2002, Yolanda Norris submitted a Petition for Alien Relative, I-130, seeking an adjustment of status for her husband, Kourouma, and his children, to that of

2

permanent residents. She claimed that she married Kourouma on February 14, 2002 and had been living with him since November 2001. A marriage interview with an officer from the Bureau of Immigration and Citizenship Enforcement was conducted on March 26, 2003. The record is clear that Kourouma and his purported wife made a number of false statements during their marriage interview. Indeed, Kourouma wrote and signed a statement apologizing to the officer for lying during the interview. After Norris was confronted with the inconsistencies between their statements, she signed a form indicating that she was voluntarily withdrawing her I-130 petition seeking an adjustment of status and that she understood "that this action terminates all action on this petition."

That same day, the District Director issued a letter to Norris advising that during the interview to determine the bona fides of her marriage to Kourouma there were "significant discrepancies . . . that led the Bureau to conclude that yours' was strictly a marriage of convenience." The letter recounted the discrepancies and "found that [the] sole purpose of your marriage was to confer to Mr. Kourouma an immigration benefit." The District Director concluded by acknowledging that Norris had withdrawn her I-130 and that the withdrawal terminated any further action on the petition.

Kourouma was taken into custody after Norris withdrew her I-130 petition. A Notice of Denial was also issued to Kourouma, advising that Norris's I-130 had been withdrawn and that his application for an adjustment of status was denied as he had not demonstrated his eligibility for an immigrant visa.

A hearing was conducted on April 25, 2003 before an Immigration Judge (IJ) to redetermine Kourouma's bond. The IJ ordered Kourouma removed, but granted him voluntary departure by June 24, 2003 once he posted a $3,000 bond. That same day, Norris filed a second I-130 petition with supporting evidence of the bona fides of her marriage to Kourouma. She acknowledged that she had previously petitioned for an adjustment of status on her husband's behalf, but asserted that she had been threatened with arrest during the marriage interview if she did not withdraw that petition. She claimed that she was scared and withdrew the petition because she did not know what to do. Her statements were made under penalty of perjury.

On May 30, Kourouma moved to reopen his removal proceeding. He related the procedural history relating to the withdrawn I-130, the alleged threats of the officer, his wife's limited education, and the filing of the second I-130 petition. He urged the IJ to grant his motion to reopen so that the second I-130 petition could be processed as his was a bona fide marriage.

The IJ denied the motion to reopen, explaining that it was deficient for several reasons. She pointed out that Kourouma no longer had an immediately available visa as required by the statute. Moreover, she pointed out that the second I-130 was not prima facie approvable like the first petition.

A timely appeal to the Board of Immigration Appeals was filed. Kourouma argued that the second I-130 was prima facie approvable because Norris had involuntarily

4

withdrawn the first petition because of the threats. He also claimed that his right to procedural due process was denied because the initial I-130 had been withdrawn as a result of the officer's threats. The BIA affirmed without an opinion. This timely petition for review followed.

Kourouma's principal argument is that the IJ abused her discretion when she denied Kourouma's motion to reopen. Kourouma argues that he demonstrated prima facie eligibility for an adjustment of status for an immediate relative by virtue of a good faith marriage to Norris, and that he made credible claims that the immigration official deprived him of due process in his marriage interview by coercing his wife to withdraw her initial I-130 petition.[1] In analyzing this argument we must perforce begin with the standard of review.

Kourouma has the burden to establish a prima facie case for the relief sought. *INS v. Abudu*, 485 U.S. 94, 104 (1988). Where the denial of a motion to reopen is based on failure of the movant to make a prima facie case for relief, we have adopted a bifurcated approach, under which we examine the ultimate decision to deny a motion to reopen for abuse of discretion, and determine whether the findings of fact are supported by

---

[1]We have not ignored Kourouma's assertion that both he and his wife were threatened by the officer. In *Marrero v. INS*, 990 F.2d 772, 777 (3d Cir. 1993), we instructed that a bare assertion of a due process violation is insufficient. Mindful of this instruction, and finding in the record before us neither an affidavit nor a declaration from Kourouma alleging that he was also threatened, we consider only Norris's statement, made under penalty of perjury, that she was threatened by the officer to withdraw her petition or face arrest.

5

substantial evidence. *Sevoian*, 290 F.3d at 174. Substantial evidence review is extremely deferential, and this Court may only disturb factual findings when a reasonable factfinder would be compelled to do so. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (*en banc*). After determining whether substantial evidence supports the IJ's factual findings, we then look to whether the IJ abused her discretion, *Sevoian*, 290 F.3d at 174, having in mind that "[m]otions for reopening of immigration proceedings are disfavored." *INS v. Doherty*, 502 U.S. 314, 323 (1992) (*citing Abudu*, 485 U.S. at 107-08).

We find no error by the IJ in concluding that Kourouma failed to establish that the second I-130 was prima facie approvable. To be prima facie eligible for adjustment of status, an alien must have an immediately available visa. *See* 8 U.S.C. § 1255(a)(3); *INS v. Miranda*, 459 U.S. 14, 15 (1982); *Coraggioso v. Ashcroft*, 355 F.3d 730, 733 (3d Cir. 2004). The filing of an I-130 immediate relative petition results in a visa becoming immediately available because the alien spouse of a citizen is not subject to the worldwide and numerical limitations set forth in 8 U.S.C. § 1151(a). Because the first I-130 had been withdrawn, however, Kourouma no longer had an immediately available visa.

Moreover, as the IJ correctly pointed out, Norris's second I-130 petition was not prima facie approvable. Section 204(c) of the Immigration and Nationality Act provides that no visa petitions "shall be approved if . . . the Attorney General has determined that the alien has attempted . . . to enter into a marriage for the purpose of evading the

6

immigration laws." 8 U.S.C. § 1154(c). In light of the significant discrepancies between the statements of Kourouma and Norris during the earlier interview and the finding by the District Director that the marriage was "strictly a marriage of convenience," the second I-130 was not prima facie approvable because of the attempted marriage fraud. *See also* 8 C.F.R. § 245.2(a)(1)(C)(ii) (providing that a visa petition may not be approved if the alien has "attempted . . . to enter into a marriage for the purpose of evading the immigration laws").

Nor do we find that the threats related by Norris entitled Kourouma to the relief he sought. Even if the IJ had concluded that Norris had involuntarily withdrawn her initial I-130 petition, Norris's petition had been withdrawn and Kourouma has not directed us to any authority which would grant the IJ the power to reinstate it.

Moreover, we have acknowledged that "aliens facing removal are entitled to due process. 'The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001) (citations omitted). Here, Kourouma had an opportunity to fully present his case during the marriage interview and to supply evidence of the bona fides of his marital relationship. It is only after Kourouma's presentation of his case that the officer confronted him and his wife with the discrepancies in their statements. The discrepancies were the basis for the District Director's finding that the marriage was for the "sole purpose" of conferring an immigration benefit upon Kourouma. Thus, there was

7

substantial evidence to support the District Director's finding separate and apart from the fact that Norris withdrew her initial I-130 petition.

Kourouma contends that his right to due process was violated because the IJ did not address the charge that his wife had been threatened in resolving his motion to reopen. At oral argument, when asked to particularize what the due process violation was, Kourouma replied that the IJ had failed to consider his documentation in support of his motion to reopen. In *Abdulai*, we recognized that due process requires that a "decisionmaker must 'actually consider the evidence and argument that a party presents.'" 239 F.3d at 549 (citation omitted). Here, we conclude that there is sufficient indicia that the IJ fulfilled her obligation to consider the petitioner's arguments and evidence. The IJ's order denying the motion to reopen specifically referred to the motion itself, Norris's refiled I-130 petition, and the earlier withdrawal; two of these three documents alleged that the officer threatened Norris, causing her to withdraw her petition. Although the IJ did not specifically address the threats in her decision, there was no need to do so, as she explained that reopening was not an avenue of relief in the absence of a petition that was prima facie approvable.

In *Wilson v. Ashcroft*, 350 F.3d 377 (3d Cir. 2003), we observed that there cannot be a "due process violation in the absence of prejudice. . . ." *Id.* at 381. Inasmuch as the relief Kourouma sought was unavailable, we find no prejudice. Without prejudice,

8

Kourouma's claim that he was deprived of his right to due process lacks merit.[2]

We are by no means countenancing use of the coercive tactics Kourouma alleged. We note, however, that these alleged tactics are subject to review inasmuch as Norris's second I-130 petition has yet to be resolved. In her second petition, she appropriately notes that she filed an earlier petition, but withdrew it at the time of the interview because of the officer's threats. *See Matter of Laureano*, 19 I & N Dec. 1, 3 (BIA 1983) (instructing that when a visa petition has been withdrawn based on an admission by a party that the marriage was solely entered into to bestow an immigration benefit, any subsequent visa petition involving the same parties must include an explanation for the prior withdrawal and supply the supporting evidence of the bona fides of the marriage). The IJ must consider this explanation for withdrawing her petition and the evidence of the bona fides of her marital relationship in acting on the latter petition. *See Matter of Isber,* 20 I & N Dec. 676 (BIA 1993) (concluding that a citizen may file a second petition in an attempt to establish the bona fides of the same marriage for which a previous petition was filed and withdrawn, and instructing that the explanation of the reason for the prior withdrawal must be considered in deciding whether to approve or deny the second petition).

In sum, we conclude that the IJ did not err in denying Kourouma's motion to

---

[2]Moreover, even if we presume that Kourouma's claim of misconduct is correct and that Norris's initial petition could have been reinstated, Kourouma could not demonstrate that he had been prejudiced. Prior to the misconduct, Kourouma and Norris had given contradictory statements during the marriage interview and their right to a visa at that juncture was speculative at best.

9

reopen.  Moreover, we reject Kourouma's contention that he was deprived of his right to due process.  We will deny Kourouma's petition for review.