NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0549n.06

Nos. 10-4215/11-3593

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

May 29, 2012

LEONARD GREEN, Clerk

MOHAMMAD SARWAR, )
)
    Petitioner, )    ON PETITION FOR REVIEW
)    FROM A FINAL ORDER OF THE
v. )    BOARD OF IMMIGRATION
)    APPEALS
ERIC H. HOLDER, JR., Attorney General, )
)
    Respondent. )

BEFORE: MARTIN and DAUGHTREY, Circuit Judges; MALONEY, Chief District Judge.[*]

PER CURIAM. Mohammad Sarwar, a native and citizen of Pakistan, petitions for review of two orders of the Board of Immigration Appeals. The first order dismissed Sarwar's appeal of a decision by an immigration judge (IJ) decision upholding the denial of his petition to remove the conditions on his permanent resident status (No. 10-4215), and the second order denied his motion to reopen the removal proceedings (No. 11-3593).

In 2001, Sarwar entered the United States as a non-immigrant visitor for pleasure. On August 20, 2002, Sarwar married Susan Wallace, a United States citizen. Based on that marriage, Sarwar obtained conditional permanent resident status. Sarwar subsequently filed a Form I-751 petition to remove the conditions on his residence. The Department of Homeland Security separately interviewed the Sarwars under oath. Based on discrepancies in their testimonies, the Department concluded that Sarwar had failed to meet his burden of proving a bona fide marriage. On September

_____

[*]The Honorable Paul L. Maloney, Chief United States District Judge for the Western District of Michigan, sitting by designation.

21, 2007, the Department denied Sarwar's I-751 petition and terminated his permanent resident status.

On October 17, 2007, the Department served Sarwar with a notice to appear, charging him with removability under 8 U.S.C. § 1227(a)(1)(D)(i), because his conditional permanent resident status had been terminated. Before an IJ, Sarwar admitted the factual allegations in the notice to appear, conceded removability, and requested review of the denial of his I-751 petition. Following a hearing, at which Sarwar and his wife testified, the IJ upheld the denial of Sarwar's I-751 petition and ordered his removal to Pakistan. The IJ found that Sarwar was not a credible witness. The IJ noted that Sarwar and his wife testified inconsistently both in their Department interviews and at the hearing regarding significant aspects of their marriage. Sarwar appealed the IJ's decision to the Board. The Board upheld the IJ's adverse credibility finding and agreed with the IJ that the Department properly denied Sarwar's I-751 petition. Sarwar petitioned for review of the Board's order (No. 10-4215), and we granted a stay of removal.

While that petition was pending, Sarwar moved the Board to reopen his removal proceedings based on his wife's filing of a Form I-130 visa petition for an alien relative. The Board denied Sarwar's motion to reopen, concluding that the evidence submitted with the motion, along with the evidence already in the record, failed to satisfy the "clear and convincing" standard for demonstrating a bona fide marriage. Sarwar petitioned for review of that order (No. 11-3593), and we granted his motion to consolidate the two cases.

We first address the denial of the I-751 petition. "Where, as here, the [Board] reviews the IJ's decision and issues a separate opinion, rather than summarily affirming the IJ's decision, we review the [Board's] decision as the final agency determination." *Al-Ghorbani v. Holder*, 585 F.3d 980, 991 (6th Cir. 2009). We review "any legal conclusions de novo and factual findings and credibility determinations for substantial evidence." *Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009) (internal quotation marks omitted). Under the substantial evidence standard, "[a] reviewing court may reverse the [Board's] determination if the evidence not only supports a contrary conclusion, but indeed *compels it*." *Huang v. Mukasey*, 523 F.3d 640, 649 (6th Cir. 2008) (internal

quotation marks omitted emphasis in original). "Under this standard, [a] factual determination by the Board that an alien's marriage was entered for the purpose of gaining entry into the United States is conclusive if it is supported by reasonable, substantial, and probative evidence in the record considered as a whole." *Id.* (internal quotation marks and citations omitted).

The Board upheld the IJ's adverse credibility determination and agreed with the IJ that the Department satisfied its burden "to establish, by a preponderance of the evidence, that the facts and information . . . alleged in the petition are not true with respect to the qualifying marriage," 8 U.S.C. § 1186a(c)(3)(D), or "that the petition was properly denied." 8 C.F.R. §§ 216.4(d)(2), 1216.4(d)(2). The Board based its decision on the inconsistencies between the testimonies of Sarwar and his wife during both their Department interviews and at the hearing before the IJ. The statements in the Department interviews differed as to: (1) whether Sarwar had been married before and had any children; (2) his wife's date of birth; (3) how many cars they own; (4) how many phones they have in their apartment; (5) whether they own a washer and dryer; (6) whether his wife has her navel pierced; and (7) how many siblings his wife has. At the hearing before the IJ, Sarwar and his wife provided inconsistent testimony as to: (1) who proposed marriage; (2) who initiated the filing of the visa petitions for Sarwar's children; and (3) the details of their three-month courtship. Given these inconsistencies regarding significant aspects of the couple's relationship, substantial evidence supports the Board's decision.

Sarwar attempts to explain the conflicting testimony by claiming that he may not have understood questions or remembered events that happened so long ago. Sarwar also contends that the Board overlooked the IJ's finding that his wife was "an extremely credible witness," the consistent testimony about their marriage, the corroborating documentary evidence of their marriage (including tax returns, bank statements, bills, insurance records, and lease agreements), and the fact that the marriage remains intact. Under the substantial evidence standard, however, "[t]he test is not whether this Court might have decided differently but whether this Court is compelled to conclude that the [Board] erred." *Dorosh v. Ashcroft*, 398 F.3d 379, 383 (6th Cir. 2004). The record does not compel such a conclusion.

Sawar asserts that the Board failed to follow its precedent that "[t]he conduct of the parties after marriage is relevant to their intent at the time of marriage." *In re Laureano*, 19 I. & N. Dec. 1, 3 (BIA 1983). The Board correctly stated *Laureano*'s holding, but agreed with the IJ that the documentary evidence submitted by Sarwar did "not offer insight into the intent of the respondent and his wife when they married in 2002." This finding does not compel us to conclude that the Board's decision is in err. *Dorosh*, 398 F.3d at 383. The conclusion is supported by reasonable and substantial evidence and, therefore, is conclusive. *Huang*, 523 F.3d 649.

Sawar argues that the Board erred in according a "great deal of weight" to the Department's termination of his residence status. Relying on *Koulibaly v. Mukasey*, 541 F.3d 613, 620–21 (6th Cir. 2008), Sarwar asserts that the Department officer who conducted the couple's interviews did not testify at the removal hearing and was not subject to cross-examination. He further argues and that the termination notice does not indicate what questions were asked at the interview or in what language. Because Sarwar did not challenge the reliability of the Department's termination notice before the Board, we cannot review his unexhausted argument. *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004).

Regarding the Board's denial of Sarwar's motion to reopen, we review this decision for an abuse of discretion. *See Acquaah v. Holder*, 589 F.3d 332, 334 (6th Cir. 2009). "This Court will find an abuse of discretion if the denial of the motion to reopen was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Liu v. Holder*, 560 F.3d 485, 490 (6th Cir. 2009) (internal quotation marks omitted).

In denying Sarwar's motion to reopen, the Board concluded that the evidence submitted with the motion, along with the evidence already in the record, failed to establish "clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide." *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002). The government concedes that because the Sarwars were married prior to the commencement of the removal proceedings, the Board erred in applying the "clear and convincing" standard of *Velarde-Pacheco*. Rather, the Board should have applied the

framework set forth in *In re Garcia*, 16 I. & N. Dec. 653, 654 (BIA 1978), which provides for reopening "unless clear ineligibility is apparent in the record." We would ordinarily direct a remand when an agency makes an error of law in its proceedings. *Saqr v. Holder*, 580 F.3d 414, 420 (6th Cir. 2009). However, as the government asserts, "a remand is not required where such a gesture would be futile." *Karimijanaki v. Holder*, 579 F.3d 710, 721 (6th Cir. 2009). Considering that the new evidence submitted in support of Sarwar's motion to reopen consisted of his wife's I-130 petition and additional tax returns, the evidence added nothing to the record.

We deny the petitions for review.