12-229-ag
Berrios v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of November, two thousand twelve.

PRESENT:

> Gerard E. Lynch,
> Raymond J. Lohier, Jr.,
> Christopher F. Droney,
> > *Circuit Judges.*

------------------------------------------------------------------

LYDIA BERRIOS and CARLOS JOFRE,

> *Plaintiffs-Appellants*,

> v.                                             No. 12-229-ag

ERIC H. HOLDER, JR., United States Attorney General, JANET NAPOLITANO, Secretary, Department of Homeland Security, ALEJANDRO MAYORKAS, Director of United States Citizenship and Immigration Services, M. FRANCIS HOLMES, Director, USCIS Buffalo District Office, and ETHAN ENZER, Director, USCIS Hartford District Office,

> *Defendants-Appellees*.

------------------------------------------------------------------

**FOR APPELLANTS**:          GLENN L. FORMICA, Formica Williams, P.C., New Haven, CT.

**FOR APPELLEES**: ELIZABETH J. STEVENS, Assistant Director, District Court Section (Stuart F. Delery, Acting Assistant Attorney General, David J. Kline, Director, District Court Section, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **REVERSED** and the case is **REMANDED** with directions to enter judgment for the plaintiffs.

On October 6, 2006, Lydia Berrios, a natural-born U.S. citizen, and Carlos Jofre, a citizen of Chile, were married in West Haven, Connecticut. Jofre had entered the United States in 1991 on a B-2 tourist visa and remained here illegally since it expired at the end of that year. Two years after their marriage, on October 30, 2008, Berrios filed an I-130 Petition for Alien Relative on behalf of Jofre as a first step toward obtaining U.S. citizenship for him. Berrios submitted documentary evidence to the United States Citizenship and Immigration Service ("USCIS") and the couple was interviewed at the USCIS field office in Hartford. After nearly a year had passed with little additional action on Berrios's I-130 petition, in December 2010, Berrios and Jofre filed a complaint for a writ of mandamus in federal district court in Connecticut to compel a decision on the petition. On January 19, 2011, USCIS issued a Notice of Intent to Deny ("NOID") Berrios's petition on the ground that she had failed to show her marriage was *bona fide*. Berrios then submitted additional documentary evidence, but on March 1, 2011, USCIS denied the I-130 petition. At that time, Berrios and Jofre amended their complaint in the district of Connecticut to seek review of USCIS's denial of the petition under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. Both parties moved for summary judgment. The district court granted the defendants' motion and denied plaintiffs' motion. Plaintiffs appeal that order. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

2

We review *de novo* a district court's grant of summary judgment on a claim brought under the APA. *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007). A reviewing court must hold unlawful and set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Agency action is arbitrary and capricious when the agency

> has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Karpova*, 497 F.3d at 268 (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). Review of an agency's action is confined to the record before the agency at the time it made its decision. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419-20 (1971). Thus arbitrary and capricious review looks at the agency's decision and asks whether that decision provides a "satisfactory explanation" for agency action, which means that the decision must draw "a rational connection between the facts found and the choice made." *Karpova*, 497 F.3d at 268.

An I-130 petitioner bears the burden of showing by a preponderance of the evidence that his or her marriage was *bona fide* at its inception and not "entered into for the primary purpose of circumventing the immigration laws." *Matter of Laureano*, 19 I. & N. Dec. 1, 2 (BIA 1983). Relevant evidence, as specified by the Board of Immigration Appeals ("BIA"), includes "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." *Id.*

Berrios submitted substantial proof that her marriage was *bona fide*. She provided affidavits from friends attesting to the validity of her marriage, documentation that Jofre was covered by and had received benefits from Berrios's medical insurance policy, joint utility bills,

3

statements from a joint bank account, and joint federal and state tax returns. Following the NOID, Berrios submitted further evidence, including letters from her daughter and friends of the couple; photographs of their wedding ceremony and holiday celebrations; a copy of their marriage certificate; copies of Berrios's and Jofre's divorce certificates from their previous spouses; additional joint bills, joint bank account statements, joint tax returns, and documents showing Jofre was a beneficiary of Berrios's insurance policy; a joint residential lease; a mortgage pre-approval for a new home; and a document showing that Berrios is a co-signer on a loan for Jofre's business vehicle. This evidence is compelling on its own, but we also observe that Berrios has submitted every category of evidence the BIA has stated is relevant to showing that a marriage was *bona fide* at inception. *See Matter of Laureano*, 19 I. & N. Dec. at 3.

USCIS provided three reasons for its decision to deny Berrios's I-130 petition. None of these reasons, taken by itself or in conjunction with the others, rationally supports the agency's conclusion. First, it discounted Berrios's documentary evidence because much of it was acquired after Berrios filed the I-130 petition in 2008 and thus the agency deemed it irrelevant to the question of whether her marriage was *bona fide* when entered. This explanation for the agency's decision, however, fails to account for the significant evidence Berrios provided from before 2008. This pre-petition evidence includes joint bank account statements, joint utility bills, and federal and state tax returns. According to the agency's own standards, this is precisely the sort of evidence it deems most probative. *See Matter of Laureano*, 19 I. & N. Dec. at 3. The agency has not explained why the exact evidence it has requested was inadequate here. Moreover, USCIS gave Berrios no reason to believe that this evidence would be insufficient until the NOID in 2011, by which time pre-petition evidence would be more than three years old and evidence from the first years of their marriage nearly five. Many couples would understandably struggle to provide additional evidence in such circumstances.[1] Finally, the

---

[1] Just as "[a]liens cannot be required to have more conventional or more successful marriages than citizens," *Bark v. INS*, 511 F.2d 1200, 1201-02 (9th Cir. 1975), they cannot be required to have a certain level of financial sophistication giving rise to extensive paper trails. The type of pre-petition evidence we would expect a

agency's explanation simply ignores the established legal principle that evidence of a couple's recent behavior is relevant to the question of their intent at the time they entered the marriage. *See, e.g.*, *Bark v. INS*, 511 F.2d 1200, 1201-02 (9th Cir. 1975); *Matter of Laureano*, 19 I. & N. Dec. at 3.

Second, USCIS made much of the fact that Jofre has been arrested twice and that on these occasions he identified himself to police as Alfredo Acosta and provided addresses other than Berrios's address. In addition, he appears to have kept driver's licenses, in both his own name and the name of Alfredo Acosta, listing addresses other than Berrios's. We find that the agency abused its discretion by giving undue weight to Jofre's use of an alias. The sole question in adjudicating an I-130 petition such as this is whether the couple had a *bona fide* marriage when entered; the beneficiary's good character is simply irrelevant. USCIS did not explain why it believed that Jofre's dishonesty to the police suggests that his marriage is a sham. This conclusion does not rationally follow from the premise, particularly in light of the fact that Jofre is not a legal resident of the United States and thus may hesitate to disclose his true name and address to the police. USCIS asserts that Jofre's use of an alias impaired his credibility, but this too appears beside the point, since it is Berrios, a U.S. citizen and long-time federal employee, who has filed the I-130 petition, and thus it is primarily her credibility, not Jofre's, that is at issue in adjudicating the petition.

USCIS's final basis for denying Berrios's I-130 petition concerns a visit USCIS agents made to the house of Jofre's ex-wife, Francis Aiach, with whom Jofre's minor child still resides. Agents arrived at Aiach's house at approximately 9 a.m., at which time Jofre answered the door and identified himself. USCIS relied on this simple fact of Jofre's presence at his ex-wife's home

---

*bona fide* married couple to be able to easily acquire from several years ago–tax returns and bank account statements–is precisely what the agency requested and Berrios provided.

on one occasion to deny the petition.[2]  This fact, however, does not support the agency's inference that he did not live with his legal wife in light of the abundant evidence of cohabitation provided by Berrios and the many plausible reasons a man would have to be at the home of his minor child.

For these reasons, we do not believe USCIS has provided an adequately reasoned basis for its conclusion that Berrios and Jofre failed to show by a preponderance of the evidence that their marriage was *bona fide* at its inception and not entered for the primary purpose of evading the immigration laws.  Mindful of the deference we are to pay to the agency, its action was arbitrary and capricious.

The judgment of the District Court is REVERSED and the case is REMANDED with directions to enter judgment for the plaintiffs.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[2]USCIS agents interviewed Jofre and inspected the premises at the time of their visit. However, at oral argument, counsel for the government explicitly disclaimed any reliance by USCIS on the results of this site visit beyond the fact that Jofre was there and identified himself to agents.