# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 3, 2021

Lyle W. Cayce
Clerk

No. 21-60366
Summary Calendar

Gisele Jocelyne Louis-Joseph,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 012 201

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Gisele Jocelyne Louis-Joseph, a native and citizen of France, petitions for review of an order by the Board of Immigration Appeals (BIA) denying her motion to remand and dismissing her appeal of the immigration judge's (IJ) denial of her petition to remove conditions on her permanent resident

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

status.   Louis-Joseph contends that the BIA committed legal error by adopting and affirming the IJ's determination that she was not eligible for a waiver of the joint filing requirement pursuant to 8 U.S.C. § 1186a(c)(4)(B) because she had not met her burden of proof to show that she entered into a good-faith marriage with Derrick Garner, a U.S. citizen.  She further argues that the BIA erred in refusing to remand the case for the IJ to consider whether she was eligible for a waiver of the joint filing requirement pursuant to § 1186a(c)(4)(A) based on extreme hardship to her son.

We review the BIA's decision and the IJ's ruling, to the extent it affects the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). The BIA's legal conclusions are reviewed de novo. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).  The BIA's factual findings are reviewed for substantial evidence. *Id.* at 517-18.  The denial of a motion to remand is reviewed "under a highly deferential abuse-of-discretion standard." *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014) (internal quotation marks and citations omitted).

An alien may obtain permanent resident status on a conditional basis by marrying a U.S. citizen. § 1186a(a)(1). The conditional basis of that status may be removed, thereby making the alien a lawful permanent resident, if the alien and the citizen spouse jointly file a petition during the 90-day period preceding the two-year anniversary of the grant of conditional status. § 1186a(c)(1)(A), (d)(2)(A).  If the alien and citizen spouse separate within the first two years of marriage, preventing the couple from filing a timely joint petition and appearing for an interview, the alien may seek a waiver of these procedural requirements by demonstrating that extreme hardship would result from the alien's removal or that "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to meet the requirements of [§ 1186a(c)(1)]."

§ 1186a(c)(4)(A)-(B).  While the ultimate decision whether to grant or deny a good-faith marriage waiver is discretionary and unreviewable, the predicate questions of whether the BIA and IJ applied the correct legal standard and whether the facts are legally sufficient to establish a good-faith marriage are questions of law properly raised in a petition for review.  *See Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 233-34 (5th Cir. 2009).

Contrary to Louis-Joseph's contention, "[t]he conduct of the parties after marriage is relevant to their intent at the time of marriage." *Matter of Laureano*, 19 I. & N. Dec. 1, 3 (BIA 1983).  When "considering whether an alien entered into a qualifying marriage in good faith," one must "consider evidence relating to the amount of commitment by both parties to the marital relationship."  8 C.F.R. § 1216.5(e)(2).  Here, other than her testimony, Louis-Joseph submitted no evidence of a common residence, a comingling of assets or debts, or anything that established she and Garner shared a common life together. *Cf. Alvarado de Rodriguez*, 585 F.3d at 230-31.  Further, Louis-Joseph does not explain what, if any, other evidence should have been considered to show she entered into the marriage in good faith.  Accordingly, the BIA did not err in concluding that Louis-Joseph was ineligible for a good-faith marriage waiver because she failed to provide legally sufficient evidence to establish that her marriage to Garner was entered into in good faith.  *See* § 1186a(c)(4)(B); *see also Alvarado de Rodriguez*, 585 F.3d at 233-34.

Finally, the BIA did not abuse its discretion in denying Louis-Joseph's motion to remand.  *See Milat*, 755 F.3d at 365.  Louis-Joseph acknowledged that the evidence she offered had been previously submitted and considered by the IJ in connection with her application for cancellation of removal.  Additionally, it was not until her appeal to the BIA that Louis-Joseph sought an extreme hardship waiver under § 1186a(c)(4)(A), and the BIA generally does not consider claims raised for the first time on appeal.  *See Eduard v. Ashcroft*, 379 F.3d 182, 195 n.14 (5th Cir. 2004).  Accordingly, the BIA's

No. 21-60366

denial of her motion to remand was "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary[.]" *Milat*, 755 F.3d at 365 (internal quotation marks and citation omitted).

The petition for review is DENIED.