Jim Chiradet CHOKLOIKAEW, a/k/a
Jim Saeku, Petitioner,
v.
IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 79–1402
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 1979.

Rehearing Denied Sept. 17, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Peter D. Williamson, Houston, Tex., for petitioner.

Eric A. Fisher, James P. Morris, Govt. Reg. & Labor Section, Dept. of Justice, Washington, D. C., for respondent.

Before AINSWORTH, CLARK and VANCE, Circuit Judges.

AINSWORTH, Circuit Judge:

Jim Chiradet Chokloikaew, a native and citizen of Thailand, entered the United States on September 9, 1968, as a nonimmigrant student. His authority to remain was extended until August 14, 1972. In a decision dated February 10, 1978, an immigration judge found Chokloikaew deportable under section 241(a)(2) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1251(a)(2), on the ground that his authorized period of stay had expired. The immigration judge granted him a period of voluntary departure until October 15, 1978. He denied his application for suspension of deportation under section 244(a)(1) of the Act, 8 U.S.C. § 1254(a)(1).[1] In an order dated August 28, 1978, the Board of Immigration Appeals dismissed Chokloikaew's appeal from the denial of suspension of deportation. He then filed, on February 16, 1979, a timely petition for review in the court.[2] We conclude that the immigration judge acted within his discretion in denying

---

**1.** Section 244(a)(1) provides:

(a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and—

(1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is

a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence  . .  . .

8 U.S.C. § 1254(a)(1).

**2.** A refusal by the Attorney General to grant a suspension of deportation is one of those "final orders of deportation" of which review in the courts of appeals is authorized by section 106(a) of the Act, 8 U.S.C. § 1105a(a). *Foti v. Immigration and Naturalization Service,* 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963).

suspension of deportation and therefore deny the petition.[3]

■ Section 244(a) authorizes the Attorney General, in his discretion, to suspend deportation of an alien if certain statutory criteria are met. 8 U.S.C. § 1254(a). Judicial review of the denial of this discretionary relief is limited to determination of whether the immigration judge, representing the Attorney General, has committed an abuse of discretion. "[T]he inquiry goes to the question whether or not there has been an exercise of administrative discretion and, if so, whether or not the manner of exercise has been arbitrary or capricious." *Paul v. Immigration and Naturalization Service,* 5 Cir., 1975, 521 F.2d 194, 197.

To merit discretionary suspension of deportation under section 244(a)(1), an alien must meet three criteria. First, he must have been physically present in the United States for a continuous period of not less than seven years immediately preceding his application for relief. Second, he must prove that during all of that period he was and is a person of good moral character. Third, he must be a person whose deportation would result in "extreme hardship" to the alien or to a spouse, parent, or child who is a citizen of the United States or an alien lawfully admitted for permanent residence. 8 U.S.C. § 1254(a)(1). In this case, Chokloikaew concededly meets the first two criteria: seven-year continuous physical presence in the United States and good moral character. The immigration judge concluded, however, that he failed to make the requisite showing of "extreme hardship" to satisfy the third criterion.

■ Chokloikaew, who has no relatives in the United States, contends that several factors dispositively show that his deportation would result in "extreme hardship" to himself. He emphasizes that he has a significant investment in a swimming pool service company which he would be forced to liquidate if he were deported. He also points out that he has been in the United States for a period in excess of ten years, from the time he was twenty-one years old, constituting nearly his entire adult life. Finally, he claims that he faces possible imprisonment upon his return to Thailand for having violated Thai military conscription law.

In denying Chokloikaew's request for suspension of deportation, the immigration judge considered each of those factors,[4] and his decision was neither arbitrary nor capricious. Suspension of deportation should be granted only "in the very limited category of cases in which the deportation of the alien would be unconscionable." S.Rep.No. 1137, 82d Cong., 2d Sess., p. 25. Economic detriment, including a loss of investment, does not compel a finding of "extreme hardship." *See, e.g., Pelaez v. Immigration and Naturalization Service,* 5 Cir., 1975, 513 F.2d 303 (citing difficulty in obtaining employment and lower standard of living in the Philippines); *Asikese v. Brownell,* 1956, 97 U.S.App.D.C. 221, 230 F.2d 34 (citing loss of investment in luncheonette). Furthermore, Chokloikaew was granted an ample period of time for voluntary departure in which to arrange a sale of his business assets. Although he has been in the United States for almost eleven years, he has been without a valid, unexpired visa for all but the first four years. He lived in Thailand, where his family lives now, until he was twenty-one years old and should not suffer "extreme hardship" in readjusting to social and economic conditions there. *Compare Acosta v. Landon,* S.D.Cal., 1954, 125 F.Supp. 434 (suspension of deportation granted to alien who had been in this country legally for almost forty years, had married a native-born United States citizen, and had four American-born children). Although he may face difficulties with Thai military authorities on account of draft violations, those problems are essentially self-

---

3. Chokloikaew does not contest his deportability pursuant to section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2).

4. The problem relating to Thai military conscription law was raised for the first time in a motion to reopen filed November 24, 1978, and denied by the immigration judge January 18, 1979.

imposed and do not compel suspension of deportation.[5] Thus, in sum, the immigration judge acted within his lawful discretion in rejecting Chokloikaew's claim that his deportation would cause "extreme hardship." We therefore deny the petition to review.

PETITION DENIED.

---

5. Chokloikaew has not requested withholding of deportation pursuant to section 243(h) of the Act, 8 U.S.C. § 1253(h), on the ground that he would be subject to persecution on account of race, religion, or political opinion.