Faiz A. AL-KHAYYAL,
Plaintiff-Appellant,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, et al.,
Defendants-Appellees.

No. 86-8370.

United States Court of Appeals,
Eleventh Circuit.

June 9, 1987.

Churchill & Ferguson, Myron N. Kramer, Atlanta, Ga., for plaintiff-appellant.

Stephen S. Cowen, U.S. Atty., Sharon Douglas Stokes, Asst. U.S. Atty., Atlanta, Ga., for defendants-appellees.

Before TJOFLAT and HILL, Circuit Judges, and LYNNE *, Senior District Judge.

HILL, Circuit Judge:

Appellant Al-Khayyal brought this action in the district court to challenge the final administrative decision of the Immigration and Naturalization Service (INS) denying his application for a waiver of the two-year foreign residence requirement of 8 U.S.C. § 1182(e) (1982). Al-Khayyal appeals the district court's grant of the INS's motion for summary judgment.

Faiz Al-Khayyal is a native of Saudi Arabia. He received his undergraduate and graduate degrees during a previous stay in the United States. Towards the end of his stay, in 1979, Al-Khayyal married Riccarda Heising, an American citizen. After their marriage, Al-Khayyal and his new bride moved to Saudi Arabia, where they resided for about one and one-half years. Both were employed by the Arabian American Oil Company. In 1980, Al-Khayyal accepted a faculty position at the Georgia Institute of Technology School of Industrial and Systems Engineering. Based on his proposed temporary employment as a visiting professor at Georgia Tech, Georgia Tech determined that appellant could enter the United States on a "J–1" visa. *See* 8 U.S.C. § 1101(a)(15)(J) (1982). The University then sent Al-Khayyal a copy of form IAP–66, the form used to secure a J–1 visa.

According to Al-Khayyal's affidavit, he reviewed the form, filled out the necessary sections, and sent it, along with his passport, to the U.S. Consulate in Dhahran, Saudi Arabia for issuance of the visa. He returned a few days later to pick up the visa, and was given a sealed envelope which he was instructed to give to an immigration officer at his port of entry in the United States. In December of 1980, when appellant arrived at Hartsfield International Airport in Atlanta, Georgia, an immigration official opened the sealed envelope, processed the IAP–66 form, and gave the

---

* Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

appellant a copy. Appellant then noticed that Part III of the form had been filled out. The form clearly stated that he would be subject to a two-year home country residence requirement. According to appellant's affidavit, he did not "fully understand" the meaning of this, but decided for himself that it could not develop into any "serious complications" because his wife was a United States citizen.

After his arrival in the United States, Al-Khayyal began his teaching duties at Georgia Tech. He requested and received two one year extensions of his visa from the INS. In 1982, his wife entered law school at Georgetown University. During her tenure at law school the two remained geographically separate, but saw each other once a month and during holidays.

In August of 1983, Al-Khayyal sought to change his visa classification from nonimmigrant exchange visitor (J–1 visa) to a nonimmigrant temporary worker (H–1). *See* 8 U.S.C. § 1101(a)(15)(H) (1982). The INS district director denied his application on the grounds that Al-Khayyal was subject to the home country residence requirement attached to certain J–1 visas, and that Al-Khayyal had neither complied with that requirement nor secured a waiver as permitted by law. *See* 8 U.S.C. § 1182(e) (1982). In September of 1983, the appellant submitted an application for a waiver of the foreign residence requirement to the INS. After the INS denied his application, Al-Khayyal appealed to the INS Administrative Appeals Unit, which dismissed his appeal and his subsequent request for reconsideration. Al-Khayyal next filed a complaint in federal district court, seeking judicial review of the INS' administrative decision. He now appeals the district court's order, 630 F.Supp. 1162, granting summary judgment in favor of the INS.

J–1 visas are issued to residents of a foreign country, "which [they] have no intention of abandoning," for the purpose of studying, teaching, or obtaining a specialized skill. *See* 8 U.S.C. § 1101(a)(15)(J) (1982). Three categories of persons admitted under J–1 visas are required to reside in their home country for two years before

they are eligible for an immigrant visa, certain less restrictive nonimmigrant visas, or for permanent residence. The three categories are: persons whose activities in the United States were financed by the United States government or the government of their home country; persons possessing "specialized knowledge or skill" needed in their home country; and persons receiving graduate medical education or training in the United States. 8 U.S.C. § 1182(e) (1982). It is undisputed that appellant was eligible for a J–1 visa, and that he is covered by the second category above in light of his industrial engineering skills.

Aliens who must meet two-year foreign residence requirements, such as the appellant, may obtain a waiver of that requirement under section 212(e) of the Act. The relevant portion of that section provides:

> *Provided,* that upon the favorable recommendation of the Director of the United States Information Agency, pursuant to a request of an interested United States government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully admitted resident alien), ... the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest....

8 U.S.C. § 1182(e).

 Thus, the statutory framework sets up a three-prong procedure whereby the attorney general *may* waive the foreign residence requirements if (1) the commissioner of the service (or his designate) determines that the requirement imposes an "exceptional hardship" on the alien's citizen (or permanent resident) spouse or child, and (2) the director of the United States Immigration agency recommends waiver, *and* (3) the attorney general finds a waiver to be in the public interest. *See Nwankpa v. Kissinger.* 376 F.Supp. 122, 124 (M.D.

Ala.1974), *aff'd* 506 F.2d 1054 (5th Cir. 1975).

■ The term "exceptional hardship" as used in the waiver provision is not defined by the statute; however, the legislative history behind the 1961 amendment strongly supports stringent enforcement of the two-year home country residence requirement. *See* H.R.Rep. No. 721, 87th Cong. 1st Sess. 121 (1961). The INS has broad discretion in determining whether exceptional hardship exists.

The relevant[1] factors cited by the appellant in support of his claim of extraordinary hardship include the interruption of his wife's legal education[2] and career. He claims that it is unlikely that she will be able to find a position as an attorney in Saudi Arabia. Should she therefore decide to stay in the United States, maintaining two households will create a financial and emotional strain upon the marriage.

The decision of the INS Associate Commissioner demonstrates that he considered each of these factors in reaching his decision. Al-Khayyal's argument to the district court rested on three challenges to the weight that INS gave these factors. First, Al-Khayyal argued that the INS refused to follow prior hardship decisions in which waivers were granted on allegedly similar facts. Second, he argued that the INS failed to lower its standard for exceptional hardship due to the fact that appellant is a teacher and not a student. Finally, Al-Khayyal argued that the INS erred in finding that he was aware of the two-year residence requirement. He therefore argued that the INS acted improperly in discounting the arrangements that he and his spouse had made for staying in this country on a long-term basis.

In granting the INS's motion for summary judgment, the district court noted that the supposedly similar precedents offered by Al-Khayyal in support of his application for a waiver were, "of limited value in reviewing an agency determination which is as fact-specific as the judgment of exceptional hardship." The district court explained that Al-Khayyal's situation varied from each of the cases cited, and in light of the broad discretion given the agency in granting a waiver, the court was unable to find that the INS's decision in Al-Khayyal's case varied so significantly from earlier decisions as to constitute an abuse of that discretion.

Next, Al-Khayyal argued that the INS erred in failing to apply a more lenient standard for exceptional hardship to his case due to the fact that he was a teacher and not a student. The district court noted that some of the legislative history of the waiver provision does suggest that a more liberal attitude might be taken toward hardship applications from teachers. However, it did not establish that the teachers had a right to a lower standard for hardship, much less a right to a waiver. Moreover, the district court noted that the associate commissioner did take this factor into account, noting that Al-Khayyal's status as a teacher was an "ameliorative factor." Thus, the court did not find any basis upon which to remand this issue for additional review.

Next, Al-Khayyal argued to the district court that he was not told that he was subject to the two-year foreign residence requirement as is required by INS regulations.[3] The district court found that de-

---

**1.** Appellant also contended that factors related to hardship imposed upon the appellant, such as the fact that he has a close relationship with a niece and nephew in this country, and is working on an engineering treatise, militate in favor of granting the waiver. However, the waiver is granted for hardship imposed upon the *spouse* or *child*. 8 U.S.C. § 1182(e) (emphasis supplied). The INS official did not abuse his discretion by determining that these factors do not affect appellant's spouse or child such that they constitute grounds for a waiver.

**2.** This factor should now be moot because Al-Khayyal's wife was scheduled to graduate from law school in May of 1985. Thus, her only career-related hardship would be a potential two-year interruption in the beginning of her legal career, should she be unable to find legal employment in Saudi Arabia.

**3.** 22 C.F.R. § 41.65(c) states that the consular shall determine whether the alien is subject to the two year bar "... and shall inform the alien of such determinations." The regulation does

spite the fact that Al-Khayyal claimed that he had no knowledge of the two-year requirement, the record as a whole demonstrated that he should have known that he was subject to the two-year foreign residence requirement. His original J–1 form clearly showed that such a requirement might be applied. He stated that he did read the form instructions. Moreover, the form showed Al-Khayyal's signature below a statement which indicated that a consulate or immigration officer would determine whether appellant was subject to the "two-year home country physical presence requirement," and that if such officer determined that he was subject to it, Al-Khayyal would comply. Finally, Al-Khayyal conceded in his affidavit that he saw the consul's determination that he would be subject to the requirement when he received a copy of his visa at Hartsfield airport.[4] The district court determined that, "plaintiff therefore should have been aware of the residence requirement, not from pouring over the Immigration Act but from the plain language of the form he signed." In light of all of the above facts, the district court concluded that it could not find an abuse of discretion in the INS's refusal to grant a waiver of the residence requirement.

On appeal, Faiz Al-Khayyal argues that the district court erred in finding that the INS had properly weighed all the factors in the case, and erred in finding that the INS was not required to utilize a lower standard of hardship due to the fact that appellant is a teacher rather than student in this country. In addition, appellant argues that the

district court erred in failing to determine that Al-Khayyal's present situation is directly traceable to the U.S. Consul's failure to verbally inform him of the residence requirement before the issuance of his J–1 visa.

■ We agree with the district court that the administrative record does not support a finding that the INS abused its discretion in refusing to grant appellant a waiver. The standard of review applicable to this case is a very restrictive one. As the district court correctly noted, the Act commits the definition of "extraordinary hardship" to the Commissioner of INS and his delegates, "and their construction and application of the standard should not be overturned by a reviewing court simply because it may prefer another interpretation of this statute." *Immigration & Naturalization Serv. v. Wang,* 450 U.S. 139, 144, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981) (holding that determining "extreme hardship" as used in 8 U.S.C. § 1254(a)(1), a similar statute, was committed to the attorney general and his delegates); *Chokloikaew v. Immigration and Naturalization Service,* 601 F.2d 216, 218 (5th Cir. 1979). Further, the legislative history of the amendment allowing waiver of the residence requirement at the discretion of the Attorney General suggests that the hardship requirement must be strictly enforced. Despite appellant's protestations to the contrary, the INS was not required to apply a more lenient standard of hardship to his case. H.R.Rep. No. 721, 87th Cong. 1st Sess. 121 (1961).[5] An examination of the administrative decision denying appellant's

---

not require that the information be conveyed orally.

4. Al-Khayyal also argues that, when he applied for a renewed visa during a brief business trip to Vienna in 1983, his application for a new J–1 visa stated that he was not subject to the residence requirement. While this is true, all of the actions taken by Al-Khayyal which now allegedly lead to hardship, most notably his wife's entry into law school and their purchase of a home, were taken before 1983. This was after the appropriate consulate official had, in writing, on Al-Khayyal's J–1 form, told appellant that he *would* be subject to the residence requirement.

5. The legislative history did suggest that a more lenient policy could be applied by the attorney general to teachers; however, no such distinction was formally adopted in the implementing regulations, and consideration of this factor is not necessary, although it may be considered, in the exercise of the attorney general's discretion. Here, the INS official reviewing appellant's appeal did note that the fact that Al-Khayyal was a teacher and not a student was "an ameliorative factor in determining whether exceptional hardship exists." But the INS officer correctly noted that this, "does not mean that a waiver may be granted where exceptional hardship is not found."

request for a waiver clearly indicates that all relative factors were considered. There was no abuse of discretion.

Finally, the district court did not err in determining that the circumstances surrounding the issuance of appellant's visa do not, as a matter of law, require that he be granted the hardship waiver. Appellant claims that his case is controlled by two prior cases, in which an alien relied upon a government official's misinformation. In *Slyper v. The Attorney General*, 576 F.Supp. 559 (D.D.C.1983), an alien applying for a J–1 visa was verbally told, before the issuance of the visa, that he would not be subject to the two-year residence requirement. He was not married at the time that the visa was issued, and his American spouse had relied upon the fact that he would not have to return to his home country in deciding whether or not to marry him. When it was determined that the J–1 residence requirement did in fact apply to Mr. Slyper, he applied for a waiver. The waiver was granted because the hardship was created, in part, by the affirmative misinformation given to Mr. Slyper.

Here, appellant was informed in writing of the U.S. Consul's determination that the two-year residence requirement would apply to him at the time that he was issued his visa. The fact that he did not pay sufficient attention to this does not mean that any hardship caused by an imposition of the residence requirement was due to affirmative misinformation being given to appellant by the U.S. Consul. In fact, appellant and his wife were married before the visa was issued, and were already living in Saudi Arabia.

Appellant also contends that this case is controlled by *Corniel Rodriguez v. The Immigration and Naturalization Service*, 532 F.2d 301 (2d Cir.1976). There, an alien who had applied for entry into the United States (under special circumstances not presented here) was not told by consulate officials that if she were married at the time she tried to enter the United States, the visa she had been issued would be invalidated. Just before entering the United States she married her childhood sweet-

heart. When she arrived, she was refused entry. Had she married her spouse immediately after entering into the United States, she would have complied with her visa requirements. The Court of Appeals for the Second Circuit determined that this was a typical "trap for the unwary," and found that, under the circumstances, she should have been allowed into the country.

This is a far cry from what occurred in this case. Appellant was informed of the two-year residence requirement. The fact that he made long term plans to stay in the United States does not mean that the Attorney General must grant him the waiver that he seeks. This case concerns an exercise of statutorily granted discretion, and the appellant has not shown that this discretion was abused. Accordingly, we affirm the district court decision.

AFFIRMED.