[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12021
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-21234-ASG

MILTON DIAZ,

Plaintiff-Appellant,

versus

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
"USCIS",
DEPARTMENT OF HOMELAND SECURITY, (DHS),
ATTORNEY GENERAL OF THE UNITED STATES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 27, 2012)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Milton Diaz appeals from the district court's grant of the government's motion for summary judgment following the denial of an I-130 visa petition filed on his behalf by his current spouse. The United States Citizen and Immigration Services ("USCIS") denied his I-130 visa petition on the basis that he had previously entered into a sham or fraudulent marriage for the purpose of obtaining immigration benefits. On appeal, Diaz argues that: (1) the denial of his first wife's request for a second interview in connection with the I-130 petition she filed on his behalf was a violation of his due process rights; and (2) there was not sufficient evidence of marriage fraud to preclude the I-130 petition filed by his current wife from being granted. After thorough review, we affirm.

We review the district court's grant of summary judgment de novo, applying the same legal standards that bound the district court. Shuford v. Fidelity Nat. Property & Cas. Ins. Co., 508 F.3d 1337, 1341 (11th Cir. 2007). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

Under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., agency actions, findings, and conclusions can be set aside if they are "arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E).  This standard is "exceedingly deferential." Fund for Animals, Inc. v. Rice, 85 F.3d 535, 541 (11th Cir. 1996).  "[T]he arbitrary and capricious standard gives an appellate court the least latitude in finding grounds for reversal," and administrative decisions "should be set aside in this context . . . only for substantial procedural or substantive reasons as mandated by statute, . . . not simply because the court is unhappy with the result reached." North Buckhead Civic Ass'n v. Skinner, 903 F.2d 1533, 1538-39 (11th Cir. 1990).  Additionally, the focal point for judicial review of an administrative agency's action is the administrative record. Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 87 F.3d 1242, 1246 (11th Cir. 1996). The reviewing court does not "conduct its own investigation and substitute its own judgment for the administrative agency's decision." Id.  Instead, the court is "to decide, on the basis of the record the agency provides, whether the action passes muster under the appropriate APA standard of review." Id. (quotation omitted).

First, we are unpersuaded by Diaz's claim that the denial of his first wife's request for a second interview in connection with the I-130 petition she filed on his behalf was a violation of his due process rights. The Immigration and Nationality Act ("INA") provides that "any citizen of the United States claiming that an alien is

3

entitled to . . . an immediate relative status . . . may file a petition with the Attorney General for such classification." 8 U.S.C. § 1154(a)(1)(A)(i). The term "immediate relative" as used in that provision includes "spouses . . . of a citizen of the United States." 8 U.S.C. § 1151(b)(2)(A)(i). For a spouse to obtain immediate relative status, a U.S. citizen petitioner must file a Form I-130 petition for alien relative on behalf of their alien spouse. 8 C.F.R. § 204.1(a)(1).

When a decision on a petition is going to be adverse to the petitioner and the decision is based on derogatory information of which the petitioner is unaware, the petitioner should be advised of that fact and offered an opportunity to rebut the information and present information in his behalf before the decision is made. 8 C.F.R. § 103.2(b)(16)(i). During an interview, an immigration officer

> must provide the interviewee with an opportunity during the interview to explain any discrepancy or inconsistency that is material to the determination of eligibility. He or she may have a legitimate reason for having related testimony that outwardly appears to contain an inconsistency, or there may have been a misunderstanding between the officer and the interviewee. Similarly, there may be a legitimate explanation for a discrepancy or inconsistency between information on the form and the interviewee's testimony.

U.S. Citizenship & Immigration Servs., Dep't of Homeland Sec., Adjudicator's Field Manual, Appx. 15-2(III)(B)(1)(g). We have held that a field manual or other internal administrative guidance that has not been promulgated in accordance with APA

4

notice-and-comment rule making procedures does not have the force and effect of law.  See Bradley v. Sebelius, 621 F.3d 1330, 1338 (11th Cir. 2010); United States v. Harvey, 659 F.2d 62, 64 (5th Cir. Unit B Oct. 1981).[1]  When a plaintiff attempts to raise a cause of action on the basis of such internal guidance, we have said that the manual does not create enforceable, substantive federal rights.  Harvey, 659 F.2d at 65-66; see also Bright v. Nimmo, 756 F.2d 1513, 1515-17 (11th Cir. 1985).

Here, Diaz's due process rights were not violated by the USCIS's denial of the request for the second interview because there is no legal requirement that the USCIS conduct a second interview to clarify discrepancies in the first interview.  The regulations only require that a petitioner be advised of the derogatory information that will be used to deny the petition and be given the opportunity to respond.  8 C.F.R. § 103.2(b)(16)(i).  The USCIS complied with this regulation by issuing Diaz's first wife the notice of intent to deny that indicated that her petition would be denied based on the discrepancies at the interview, and specifically gave her the opportunity to provide rebuttal evidence and to explain the discrepancies.  Additionally, there is no requirement in the Adjudicator's Field Manual that an interviewee receive a second interview in order to explain the inconsistencies and discrepancies.  See generally

---

[1] In Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982), we adopted as binding precedent all Fifth Circuit Unit B decisions from any date.

Adjudicator's Field Manual. Moreover, based on the plain language of the field manual, it appears that the provision on which Diaz relies for his appeal requires that an interviewee have the opportunity to explain discrepancies and inconsistencies within his own testimony, not between his testimony and his spouse's testimony. See id., Appx. 15-2(III)(B)(1)(g). In any event, Diaz has offered nothing to support the implicit suggestion that this internal manual has the force of law, such that it may support a due process claim. Accordingly, the district court did not err in granting the government's summary judgment motion on Diaz's due process claim.

We also find no merit to Diaz's argument that there was insufficient evidence of marriage fraud to result in the denial of the I-130 petition his current wife filed. Pursuant to INA § 204(c), no immigrant visa petition should be approved if:

> the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States . . . by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading immigration laws.

8 U.S.C. § 1154(c). Even if the current marriage is unquestionably bona fide, the visa petition cannot be approved if the beneficiary has previously had an I-130 petition filed on his behalf that was based on a fraudulent marriage. See Matter of Kahy, 19 I. & N. Dec. 803, 805 n.2 (BIA 1988).

6

When determining that a visa petition should be denied based upon INA § 204(c), the USCIS ordinarily cannot give conclusive effect to determinations made in prior proceedings, but should make an independent conclusion based on the evidence of the record. Matter of Tawfik, 20 I. & N. Dec. 166, 168 (BIA 1990). In determining whether a beneficiary entered into a fraudulent marriage, "[t]he central question is whether the bride and groom intended to establish a life together at the time they were married." Matter of Laureano, 19 I. & N. Dec. 1, 2-3 (BIA 1983). Evidence of intent at the time of marriage may include "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." Id. at 3.

As the record shows, the district court did not err in granting the government's summary judgment motion because the USCIS's denial of Denise's I-130 petition was not arbitrary, capricious, or an abuse of discretion. The record reflects that, on remand from the BIA, the USCIS, in denying the I-130 petition, did not give conclusive effect to the fraud determination made in the prior proceedings. Instead, the USCIS reviewed the entire record and determined that Diaz's first marriage was a fraudulent marriage that precluded the I-130 petition from being granted. The

USCIS explained that its decision was based upon the interview discrepancies, the weight of the evidence submitted, and the first wife's statements.

Moreover, substantial evidence supported the USCIS's denial of the I-130 petition. Diaz and his first wife submitted some documentary evidence to suggest that their marriage was bona fide, including photos, joint bank account information, and joint car registration. However, they did not submit any evidence of joint insurance policies and property leases, or any other evidence relating to their courtship, wedding ceremony, shared residence, and experiences. Additionally, the record reflects that their interview testimony contained numerous discrepancies about their current address, living arrangements, daily activities, schedules, and employment. Nor did they ever explain the discrepancies despite being given the opportunity. Based on the lack of documentary evidence and the unexplained discrepancies in the interview testimony, the USCIS's denial of the I-130 petition was not arbitrary, capricious, or an abuse of discretion.

**AFFIRMED.**