Noraida MELENDEZ, Plaintiff,

v.

SECRETARY, DEPARTMENT OF HOMELAND SECURITY, Acting Director, Citizenship and Immigration Services, District Director, Citizenship and Immigration Services, Tampa, Florida and Field Office Director, Citizenship and Immigration Services, Defendants.

Case No: 6:15–cv–47–Orl–22GJK

United States District Court,
M.D. Florida,
Orlando Division.

Signed 07/31/2015

David Stoller, Law Offices of David Stoller, PA, Orlando, FL, for Plaintiff.

Anthony Daniel Bianco, U.S. Department of Justice—Office of Immigration Litigation, Washington, DC, for Defendants.

## ORDER

ANNE C. CONWAY, United States District Judge

This cause is before the Court on Defendants' Motion to Dismiss, filed on March 17, 2015. (Doc. No. 18). Plaintiff Noraida Melendez ("Plaintiff") filed a response in opposition. (Doc. No. 23). For the reasons set forth below, Defendants' motion is denied.

## I. BACKGROUND [1]

Plaintiff filed this action on January 13, 2015, against Defendants Jeh Johnson, in his official capacity as Secretary of Homeland Security, Leon Rodriguez, in his official capacity as Acting Director of U.S. Citizenship and Immigration Services ("USCIS"), Ruth Dorochoff, in her official capacity as District Director for District 10 of USCIS, and Warren Janssen, in his official capacity as the Field Office Director of the Orlando, Florida, office of USCIS (collectively, "Defendants"), alleging that Defendants' denial of Plaintiff's I–485 application violated the Administrative Procedure Act. (Doc. No. 1).

Plaintiff, a native and citizen of Honduras, last arrived in the United States in August 1999 on a J–1 nonimmigrant visa. (Id. at ¶¶ 1–2).[2] Since arriving in August 1999, Plaintiff admits that she has not departed the United States. (Id. at ¶ 3). On December 5, 2013, Plaintiff filed an Application for Permanent Residence, Form I–485 ("I–485"), seeking adjustment to permanent resident status because of an approved petition granting her an immediately available immigrant visa. (Id. at ¶¶ 4–5); (Doc. No. 1–2 at p. 4).[3] On or around June 11, 2014, USCIS interviewed Plaintiff regarding her I–485 application. (Doc. No. 1 at ¶ 6). Thereafter, on or around July 16, 2014, USCIS conducted a second interview with Plaintiff. (Id. at ¶ 7). At her second interview, Plaintiff's eligibility for adjustment to permanent resident status was discussed due to Plaintiff having previously been granted J–1 nonimmigrant status. (Id. at ¶ 8). During the pendency of Plaintiff's I–485 application, USCIS requested that Plaintiff establish that she had obtained a "§ 212(e) waiver." (Id. at ¶ 13).

On September 2, 2014, USCIS denied Plaintiff's I–485 application based on Plaintiff's failure to comply with a two-year foreign residence requirement for J–1 nonimmigrant visa holders. (Doc. No. 1–2 at

---

1. The parties agree that these are the relevant facts to be taken from Plaintiff's Complaint. (See Doc. No. 23 at p. 1) (requesting that the Court adopt the factual allegations as set forth by Defendants). Therefore, this background is largely taken from Defendants' summary of the facts in their motion to dismiss. (Doc. No. 18 at pp. 1–2).

2. The paragraphs in Plaintiff's Complaint are somewhat confusing. All references in this background section are to the paragraphs beginning on page three of the Complaint. (Doc. No. 1 at p. 3).

3. The Court may rely on this document because Plaintiff attached it to her Complaint. Fed. R. Civ. P. 10(c); see also Solis–Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985) (report of immigration agency attached to complaint was properly considered by court in ruling on Rule 12(b)(6) motion).

pp. 3–4). USCIS determined that Plaintiff (1) was subject to the foreign residence requirement and (2) had neither met the requirement nor provided evidence that she obtained a waiver of the requirement. (*Id.*).

In her Complaint, Plaintiff claims that Defendants refused to disclose derogatory evidence used in adjudicating Plaintiff's I–485 application because they did not help Plaintiff determine whether the foreign residence requirement waiver applied. (*Id.* at ¶¶ 15–25). Plaintiff asks the Court to: (1) declare that Defendants' denial of Plaintiff's I–485 application was contrary to law; (2) order Defendants to re-open and re-adjudicate Plaintiff's I–485 application; and (3) grant Plaintiff costs and attorney's fees. (*Id.* at p. 7).

## II. LEGAL STANDARDS

### A. Motion to Dismiss

For purposes of deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing

*Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). Thus, the Court is not required to accept as true a legal conclusion merely because it is labeled a "factual allegation" in the complaint; it must also meet the threshold inquiry of facial plausibility. *Id.*

### B. The Administrative Procedure Act

 Under the Administrative Procedure Act (the "APA"), 5 U.S.C. § 701 *et seq.*, agency actions, findings, and conclusions can be set aside if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E). The Eleventh Circuit has stated that this standard is "exceedingly deferential." *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996). "[T]he arbitrary and capricious standard gives an appellate court the least latitude in finding grounds for reversal," and administrative decisions "should be set aside in this context ... only for substantial procedural or substantive reasons as mandated by statute, ... not simply because the court is unhappy with the result reached." *N. Buckhead Civic Ass'n. v. Skinner*, 903 F.2d 1533, 1538–39 (11th Cir. 1990) (footnotes omitted). Moreover, the "focal point for judicial review of an administrative agency's action should be the administrative record." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs.*, 87 F.3d 1242, 1246 (11th Cir. 1996). The reviewing court does not "conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Id.* Instead, the court is "to decide, on the basis of the record the agency provides, whether the action passes muster under the appropriate APA standard of review." *Id.* (quotation omitted).

## III. DISCUSSION

The crux of Plaintiff's Complaint is that Defendants violated a regulatory provision

and, in doing so, committed a procedural error, requiring the Court to intervene. The parties appear to focus their arguments on the APA; the Court does the same.

As alleged in the Complaint, Plaintiff came to the United States on a J–1 nonimmigrant visa. This type of visa is issued to an "an alien having a residence in a foreign country which he has no intention of abandoning" for the purpose of "teaching, instructing or lecturing, studying, observing, conducting research, consulting, demonstrating special skills, or receiving training." 8 U.S.C. § 1101(a)(15)(J). The Immigration and Nationality Act ("INA") states that

> [n]o person admitted under section 1101(a)(15)(J) ... shall be eligible to apply for an immigrant visa, or for permanent residence ... until it is established that such person has resided and been physically present in the country of his nationality or his last residence for an aggregate of at least two years following departure from the United States
> ....

INA § 212(e), 8 U.S.C. § 1182(e).

However, only *certain* aliens admitted as J–1 nonimmigrants must return to and reside in their home country for two years at the completion of their program before being eligible to apply for permanent residence. Those subject to this requirement are aliens

> (i) whose participation in the program for which he came to the United States was financed in whole or in part, directly or indirectly, by an agency of the Government of the United States or by the government of the country of his nationality or his last residence, (ii) who at the

time of admission ... was a national or resident of a country which the Director of the United States Information Agency, pursuant to regulations prescribed by him, had designated as clearly requiring the services of persons engaged in the field of specialized knowledge or skill in which the alien was engaged, or (iii) who came to the United States or acquired such status in order to receive graduate medical education or training. *Id.*[4]

However, if a person admitted under section 1101(a)(15)(J) falls within one of the above-listed categories, and is therefore subject to the home country physical presence requirement, he or she may obtain a waiver of the two-year home country physical presence requirement:

> [U]pon the favorable recommendation of the [Department of State], pursuant to the request of an interested United States Government agency ... or of the [USCIS Director] after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), or that the alien cannot return to the country of his nationality or last residence because he would be subject to persecution on account of race, religion, or political opinion, the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest .... [T]he Attorney General may, upon the favorable recommendation of the Director, waive such two-year foreign residence requirement in any

---

4. Although Defendants expend most of their effort arguing waiver, this is the relevant section to which Plaintiff bases her arguments.

case in which the foreign country of the alien's nationality or last residence has furnished the [Department of State] a statement in writing that it has no objection to such waiver in the case of such alien.

*Id.*

Defendants argue that during the adjudication of Plaintiff's I–485 application, USCIS requested that Plaintiff establish that she had obtained a § 212(e) waiver. (Doc. No. 18 at p. 4). However, this puts the cart before the horse. In order to *need* a waiver in the first place, Plaintiff would have to have been a J–1 nonimmigrant who is *subject* to the two-year home residency requirement. In this case, USCIS did make such a determination. The letter denying Plaintiff's I–485 application stated: "According to [USCIS'] records, you have held the status of a J–1 exchange alien who is subject to the two-year foreign residence requirement." (Doc. No. 1–2 at p. 4). After making this finding, USCIS goes on to state that Plaintiff had not shown that she has met the two-year foreign residence requirement (a point that she does not contest) or that she has obtained a waiver to that requirement. (*Id.*). As a result, USCIS denied Plaintiff's application for permanent residence. (*Id.*).

■ The question presented by Plaintiff is whether USCIS complied with the APA in making its determination that she is subject to the two-year residency requirement. Plaintiff's contention is that there must have been some evidence, or "derogatory information" from which Defendants based that conclusion. However, because she was not provided with the information, Plaintiff contends that USCIS erred be-

cause it failed to comply with 8 C.F.R. § 103.2(b)(16)(i), (ii). (Doc. No. 23 at p. 7).

When a decision "is going to be adverse to the petitioner and the decision is based on derogatory information of which the petitioner is unaware, the petitioner should be advised of that fact and offered an opportunity to rebut the information and present information in his behalf before the decision is made." *Diaz v. U.S. Citizenship and Immigration Services*, 499 Fed. Appx. 853, 855 (11th Cir. 2012) (citing 8 C.F.R. § 103.2(b)(16)(i)). 8 C.F.R. § 103.2(b)(16)(ii) states: "A determination of statutory eligibility shall be based only on information contained in the record of proceeding which is disclosed to the applicant or petitioner, except as provided in paragraph (b)(16)(iv) of this section [ (concerning classified information) ]."

While Defendants do not address these regulations, the Court finds that Plaintiff has stated a claim in this regard. Plaintiff's allegations, which are taken as true, are that she was advised of the derogatory information, i.e., that she required a waiver, at some point during or after her second interview with USCIS. While the timeframe of these events is not set forth in great detail (and which may eventually prove important to an ultimate decision), the Court is satisfied that Plaintiff's Complaint sufficiently alleges that Plaintiff was previously unaware of this derogatory information and that she was not offered an opportunity to rebut the information and present information on her behalf before a decision was made.

It is unclear—at least to date—why USCIS determined Plaintiff is subject to the two-year residency requirement. Per the letter USCIS sent to Plaintiff, it had this information in its "records." [5] Also unclear

---

5. The Court rejects as irrelevant Defendants' argument that it is the State Department that makes the determination as to who is subject to the two-year physical presence requirement. (Doc. No. 18 at pp. 5–7). The point is

is whether or not Defendants were even required to furnish Plaintiff with these records. *See, e.g., Mangwiro v. Johnson,* 554 Fed.Appx. 255, 261 & n.29 (5th Cir. 2014) (citing *Diaz,* 499 Fed.Appx. at 855–56).[6] At the same time though, USCIS' determination that the two-year residency requirement applied to Plaintiff must have been based on something. Otherwise, USCIS has put Plaintiff in the impossible position of proving a negative. In their motion, Defendants argue that Plaintiff "inexplicably alleges that she continued to inquire as to whether she required a waiver." (*Id.* at p. 5). However, based on the allegations in the Complaint, this is not so inexplicable: Plaintiff's dispute is that she was not subject to the residency requirement in the first place. Stated otherwise, if Plaintiff's position is that she was never subject to the two-year residency requirement, how can she be expected to disprove that she is?

Importantly, the allegations here are not like the facts in *Diaz.* In that case, the Eleventh Circuit found that USCIS complied with 8 C.F.R. § 103.2(b)(16)(i) by issuing a "notice of intent to deny that indicated that [the plaintiff's] petition would be denied based on [ ] discrepancies in [her] interview." *Id.* at 856. The court continued that USCIS "specifically gave [the plaintiff] an opportunity to provide rebuttal evidence and to explain the discrepancies." *Id.* While discovery may prove otherwise, taking the allegations in the light most favorable to Plaintiff, that is not what occurred here. Based solely on the

Complaint, and without the benefit of reviewing the administrative record, the Court cannot determine as a matter of law that Plaintiff was advised of the derogatory information and offered an opportunity to rebut that information as required by 8 C.F.R. § 103.2(b)(16)(i).[7]

## IV. CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Defendants Jeh Johnson, Leon Rodriguez, Ruth Dorochoff, and Warren Janssen's Motion to Dismiss for Failure to State a Claim, filed on March 17, 2015 (Doc. No. 18), is **DENIED.**

2. This case is **REFERRED** to the Magistrate Judge for case management, ruling on all non-dispositive motions, and the issuance of Report and Recommendations on dispositive motions.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 31, 2015.

---

that USCIS represented to Plaintiff that it had this information in *its* records.

6. Because the parties do not address these cases, it is also ambiguous at this point whether this proposition conflicts with 8 C.F.R. § 103.2(b)(16)(ii).

7. Defendants' reliance on *Al–Khayyal v. INS,* 818 F.2d 827 (11th Cir. 1987), is also mis-

guided. In that case, the facts on summary judgment revealed that the plaintiff was clearly subject to the two-year residency requirement as evidenced in the administrative record by his original J–1 form, which the plaintiff had signed. *Id.* at 830–31. Without reviewing the administrative record, the Court cannot make any similar determination at this stage of the proceedings.