Vesselin D. DIMITRANOV, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74333.
Agency No. A75–709–982.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2004.*

Decided April 27, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter L. Ashman, Las Vegas, NV, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Phoenix, AZ, Michael P. Lindemann, Christopher C. Fuller, U.S. Department of Justice, Washington, DC, for Respondent.

Before T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

### MEMORANDUM**

Vesselin Dimitranov, a native and citizen of Bulgaria, petitions for review of an order the Board of Immigration Appeals ("BIA"), affirming the decision of an Immigration Judge ("IJ") that Dimitranov was not eligible for asylum, withholding of removal, or relief under the Convention Against Torture. We deny Dimitranov's petition.

Dimitranov claims that he is eligible for asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(42)(A), as a member of a particular social group consisting of small business owners in Bulgaria. "[A] 'particular social group' is one united by voluntary association, including a former association, *or* by an innate characteristic that is so fundamental to the identities or con-

sciences of its members that members either cannot or should not be required to change it." *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1093 (9th Cir.2000) (emphasis in original). Dimitranov testified that he and other business owners were not united by "voluntary association." Further, being a business owner is not something so fundamental to Dimitranov's identity or conscience that he cannot be expected to change it. *See Matter of Acosta*, 19 I. & N. Dec. 211, 234 (BIA 1985) (concluding that a group of taxi drivers was not a social group because an occupation can change and therefore is not fundamental to a person's identity); *see also Hernandez–Montiel*, 225 F.3d at 1092 (according *Acosta* deference as a foundation for understanding statutory meaning of "particular social group").

Because Dimitranov has not established eligibility for asylum, he necessarily has not fulfilled the higher evidentiary burden of proof required for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000). Dimitranov has also not "establish[ed] that it is more likely than not that he ... would be tortured if removed" to Bulgaria as required for protection under the Convention Against Torture. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001) (quoting 8 C.F.R. § 208.16(c)(2)). Finally, our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir.2003), forecloses Dimitranov's argument that his due process rights were violated when the BIA summarily affirmed the IJ's decision.

Petition DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.