FILED

AUG 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CEZAR JOSE MOREIRA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-70404<br><br>Agency No. A098-950-504<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2013
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and ZOUHARY, District Judge.[**]

Cezar Jose Moreira petitions for review of the BIA's denial of his claim for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, deny Moreira's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

petition with respect to his asylum and withholding claims, and grant Moreira's

petition with respect to his CAT claim.

An "immutable characteristic is a sine qua non for status as a member of a

'particular social group.'"[1]  *Donchev v. Mukasey*, 553 F.3d 1206, 1217 (9th Cir.

2009).  Moreira's purported social group of "middle class small business owners"

does not satisfy that standard.  *Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir.

2005) (group of "business owners" did not share an "innate characteristic");

*Dimitranov v. Ashcroft*, 96 F. App'x 514, 515 (9th Cir. 2004) ("[B]eing a [small]

business owner is not something so fundamental to Dimitranov's identity or

conscience that he cannot be expected to change it"); *see also Matter of Acosta*, 19

I. & N. Dec. 211, 234 (BIA 1985) ("[T]he internationally accepted concept of a

refugee simply does not guarantee an individual a right to work in the job of his

choice"), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec.

---

[1]  We need not remand Moreira's case for reconsideration in light of
*Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), because
*Henriquez-Rivas* dealt only with the "social visibility" and "particularity"
requirements for demonstrating membership in a particular social group.

2

439 (BIA 1987). Accordingly, Moreira is not eligible for asylum or withholding of removal based on his membership in a particular social group.[2]

The BIA denied Moreira's application for CAT relief by stating only that "[t]he record fails to demonstrate that the respondent is more likely than not to be tortured by, or with the acquiescence of, anyone within governmental authority." In ruling on an application for CAT relief, "*all* evidence relevant to the possibility of future torture *shall* be considered," 8 C.F.R. § 208.16(c)(3) (emphasis added), and "country conditions alone can play a decisive role in granting relief under the Convention," *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1280 (9th Cir. 2001). Thus, we "grant petitions for review in CAT cases where the BIA did not consider country conditions evidence in the record." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (internal quotation marks omitted). Moreira submitted probative documentary evidence of country conditions that the BIA did not address; the BIA may not recite the standard for CAT relief and then state summarily that the alien failed to meet it. *Cf. Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("IJs and the BIA are not free to ignore arguments raised by a petitioner"). Therefore, we grant Moreira's petition for review on his CAT claim and remand to

---

[2] Because it properly determined Moreira's purported social group was not cognizable, the BIA's failure to address Moreira's argument that "changed circumstances" excused the untimeliness of his asylum application was harmless.

the BIA so it may cogently address Moreira's country conditions evidence in the first instance.

PETITION DENIED on the asylum and withholding of removal claims, and PETITION GRANTED on the CAT claim. The parties shall bear their own costs.



<u>Moreira v. Holder</u>, No. 09-70404

REINHARDT, Circuit Judge, concurring in part and dissenting in part:

I agree that we should remand Moreira's CAT claim. I would also, however, remand the asylum claim for reconsideration in light of *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).